UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


JENNIFER LYNN HUFF,

                Plaintiff,

v                                                Case No. 18-11159
                                                Honorable Thomas L. Ludington

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____/

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS 1, 4, 5, 6, & 7, SUSTAINING IN PART OBJECTIONS 2 & 3, AND REMANDING CASE TO ALJ

Plaintiff Jennifer Lynn Huff brought this action for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits. Huff filed her disability application on October 17, 2014. Tr. 151. The application was denied. Plaintiff requested an administrative hearing which was held before Administrative Law Judge ("ALJ") McKee on January 11, 2017. Tr. 46. ALJ McKee determined that Plaintiff was capable of performing a significant range of unskilled work that would require only light exertion. Tr. 30-40. Plaintiff appealed the decision to the Appeals Council which declined to review the decision. Tr. 1-6. Plaintiff then filed suit in this Court on April 11, 2018. ECF No. 1. The case was referred to Magistrate Judge R. Steven Whalen. ECF No. 2.

On January 28, 2019, Plaintiff filed a motion for summary judgment. ECF No. 22. The next month, Defendant filed a motion for summary judgment. ECF No. 23. Judge Whalen issued a report, recommending that Plaintiff's motion be denied and that Defendant's motion be granted. ECF No. 25 at PageID.996. Plaintiff subsequently filed seven objections to Judge Whalen's report.

ECF No. 26. For the following reasons, Plaintiff's second and third objections will be sustained in part and her remaining objections overruled.

## I.

## A.

When reviewing a case under 42 U.S.C. § 405(g), the Court must affirm the Commissioner's conclusions "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted).

Under the Social Security Act ("The Act"), a claimant is entitled to disability benefits if she can demonstrate that she is in fact disabled. *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Disability is defined by the Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505, 416.05. A plaintiff carries the burden of establishing that she meets this definition. 42 U.S.C. §§ 423(d)(5)(A); *see also Dragon v. Comm'r of Soc. Sec.*, 470 F. App'x 454, 459 (6th Cir. 2012).

Corresponding federal regulations outline a five-step sequential process to determine whether an individual qualifies as disabled:

> First, the claimant must demonstrate that he has not engaged in substantial gainful activity during the period of disability. Second, the claimant must show that he suffers from a severe medically determinable physical or mental impairment. Third, if the claimant shows that his impairment meets or medically equals one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, he is deemed disabled. Fourth, the ALJ determines whether, based on the claimant's residual functional

capacity, the claimant can perform his past relevant work, in which case the claimant is not disabled. Fifth, the ALJ determines whether, based on the claimant's residual functional capacity, as well as his age, education, and work experience, the claimant can make an adjustment to other work, in which case the claimant is not disabled.

*Courter v. Comm'r of Soc. Sec.*, 479 F. App'x 713, 719 (6th Cir. 2012) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)). Through Step Four, the plaintiff bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing his past relevant work. At Step Five, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

## B.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those

portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich.2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

## III.

Huff raises seven objections to Judge Whalen's report and recommendation. Each will be addressed in turn.

## A.

Plaintiff first objects to Judge Whalen's summary of her medical records, contending that Judge Whalen mischaracterized and omitted facts. ECF No. 26 at PageID.999-1000. The summary appears beneath the heading "Background Facts" and chronicles Plaintiff's health condition from 2013 to 2016. ECF No. 25 at PageID.980-83.

Plaintiff contends that Judge Whalen did not include all the relevant information from her medical history. She argues that instead, Judge Whalen "highlight[ed] the briefly enjoyed respites in her pain and dysfunction rather than viewing those respites for what they were: transient, ephemeral, and typically of short duration." ECF No. 26 at PageID.1003. However, Plaintiff does not explain how this alleged mischaracterization resulted in an erroneous recommendation by

Judge Whalen. He was providing a summary of Plaintiff's medical history. He did not reach any conclusions nor did he provide any recommendations in that portion of his report. This is supported by the fact that the summary appears beneath the heading "Background Facts." Plaintiff has not demonstrated that Judge Whalen's summary of the facts led to an erroneous conclusion. Accordingly her first objection will be overruled.

**B.**

Plaintiff's second objection is that ALJ McKee erred when he concluded that Plaintiff's knee condition did not qualify as a Listed Impairment under the Third Step. Plaintiff contends that ALJ McKee made his decision "without any explanation based or referring to the record evidence supporting his conclusion." ECF No. 26 at PageID.1003.

The Third Step in the disability evaluation process requires the ALJ to determine if an applicant's condition qualifies as a Listed Impairment under Appendix 1 to Subpart P of the regulations. If the condition qualifies, the applicant is deemed unable to do "any gainful activity, regardless of his or her age, education, or work experience" (20 C.F.R. §404.1525(a)). Such a determination creates an "irrebutable presumption of disability." *Bledsoe v. Barnhart*, 165 Fed.Appx. 408, 410 (6th Cir. 2006).

Plaintiff claims that her knee condition qualifies as an impairment pursuant to Listing 1.02, which provides:

> Major dysfunction of a joint(s) (due to any cause): Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
>
> A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in *inability to ambulate effectively*, as defined in 1.00B2b;

20 C.F.R. Pt. 404, Supt. P, App. 1, 1.02 (emphasis added).

ALJ McKee devoted one paragraph to his determination that Plaintiff's knee did not meet the requirements for the impairment listing 1.02. His opinion provided:

> The claimant's condition does not meet or equal listing 1.02. That listing requires that the claimant have a gross anatomical deformity and chronic joint pain with involvement of a peripheral weight-bearing joint resulting in an inability to ambulate effectively or involving a major peripheral joint in each upper extremity resulting in an inability to perform fine and gross movements effectively.

ECF No. 18-2 at PageID.87. ALJ McKee stated that Plaintiff did not meet the requirements under Listing 1.02, but rather than explaining how Plaintiff's medical history supports such a conclusion, he solely summarized the requirements of Listing 1.02. He made no reference to the evidence of Plaintiff's medical condition.

ALJ McKee's lack of analysis in the Third Step is analogous to the analysis by the ALJ in *Reynolds v. Comm'r Soc. Sec.* 2011 WL 1228165 (6th Cir. April 1, 2011).[1] The ALJ in *Reynolds* determined that neither the claimant's back pain nor his mental condition were Listed Impairments under either section 1.00 or section 12.00. *Reynolds*, 2011 WL 1228165, at *3 (6th Cir. April 1, 2011). The ALJ began with his conclusion, which provided, "Claimant does not have an impairment or combination of impairments which, alone or in combination, meet sections 1.00 or 12.00 of the Listings." *Reynolds v. Comm'r Soc. Sec.*, 2011 WL 1228165, *3 (6th Cir. April 1, 2011). The ALJ then provided an analysis of whether claimant's mental impairment fulfilled the requirements under section 12.00. However, he did not conduct an analysis regarding the claimant's back pain and whether it fulfilled the requirements under section 1.00. The Sixth Circuit found that:

---

[1] *Reynolds v. Comm'r Soc. Sec.* is an unpublished Sixth Circuit opinion. However, over one thousand court opinions have cited to it in the last ten years, including published Sixth Circuit opinions, making it sound authority to rely upon.

[O]nce he completed his analysis under section 12.00, the ALJ simply went on to the next step in the 5–step analysis—determining residual functional capacity. No analysis whatsoever was done as to whether Reynolds' physical impairments (all summed up in his finding of a severe "back pain" impairment) met or equaled a Listing under section 1.00, despite his introduction concluding that they did not…

Ultimately, the ALJ erred by failing to analyze Reynolds' physical condition in relation to the Listed Impairments. Put simply, he skipped an entire step of the necessary analysis. He was required to assess whether Reynolds met or equaled a Listed Impairment (such as the one above), but did not do so…

The ALJ's error was not harmless, for the regulations indicate that if a person is found to meet a Listed Impairment, they are disabled within the meaning of the regulations and are entitled to benefits; no more analysis is necessary. 20 C.F.R. § 404.1520(a)(4)(iii). Therefore, if the ALJ had properly analyzed Step Three, and had found Reynolds met Listing 1.04, she would receive benefits regardless of what the ALJ's conclusion would have been at Steps Four and Five. Additionally, in this case, correction of such an error is not merely a formalistic matter of procedure, for it is possible that the evidence Reynolds put forth could meet this listing.

In short, the ALJ needed to actually evaluate the evidence, compare it to Section 1.00 of the Listing, and give an explained conclusion, in order to facilitate meaningful judicial review. Without it, it is impossible to say that the ALJ's decision at Step Three was supported by substantial evidence. *See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir.1996); *Senne v. Apfel*, 198 F.3d 1065, 1067 (8th Cir.1999); *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 120 (3d Cir.2000). As the Third Circuit explained, "[b]ecause we have no way to review the ALJ's hopelessly inadequate step three ruling, we will vacate and remand the case for a discussion of the evidence and an explanation of reasoning" supporting the determination that Reynolds' severe impairments do not meet or medically equal a listed impairment. *Burnett*, 220 F.3d at 120.

*Id.* at *3–4.

So too here. ALJ McKee presented no analysis supporting his conclusory assertion that Plaintiff's "condition [did] not meet or equal listing 1.02." ECF No. 18-2 at PageID.87. More is required than a perfunctory recitation of the Listed Impairment requirements. The ALJ must provide at least some analysis of the evidence. In its current state, "it is impossible to say that the ALJ's decision at Step Three was supported by substantial evidence." *Reynolds*, 2011 WL 1228165, *4 (6th Cir. April 1, 2011). Accordingly, the case will be remanded and ALJ McKee

directed to furnish analysis to his conclusion that Plaintiff's knee condition did not qualify as a Listed Impairment.

## C.

Plaintiff's third objection is that ALJ McKee erred when he concluded that Plaintiff's low back condition did not meet the requirements of Listed Impairment 1.04. ECF No. 26 at PageID.1005. Plaintiff contends that substantial evidence exists in the record supporting a finding that Plaintiff did meet the requirements for Listed Impairment 1.04, which provides:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
>
> or
>
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
>
> or
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. Pt. 404, Supt. P, App. 1, 1.04.

In his decision, ALJ McKee found:

> The claimant's condition does not meet or equal listing 1.04. The claimant's impairment does not reach the severity required by 1.04 in that there is no evidence of compromise of a nerve root or spinal cord with the requisite evidence of nerve

root compression and associated symptoms, spinal arachnoiditis, or lumbar spinal stenosis resulting in pseudoclaudication.

ECF No. 18-2 at PageID.87.

ALJ McKee's Step Three analysis of Plaintiff's low back condition is insufficient for the same reasons that his Step Three analysis of Plaintiff's knee condition is insufficient. ALJ McKee states his conclusion and recites portions of Listed Impairment 1.04, but makes no reference to or analysis of Plaintiff's medical record. His determination evades "meaningful judicial review" due to its lack of analysis. *Reynolds*, 2011 WL 1228165, *4 (6th Cir. April 1, 2011). On remand, ALJ McKee will be directed to provide his reasoning regarding Plaintiff's eligibility for Listed Impairment 1.04.

## D.

Plaintiff's fourth objection is that Judge Whalen failed to "take into account the entirety of the medical evidence and Plaintiff's testimony regarding her pain and dysfunctionality, whilst continuing to cherry pick the evidence for those portions that support the ALJ's denial of benefits." ECF No. 26 at PageID.1006. Plaintiff claims that Judge Whalen never acknowledged that Plaintiff had undergone three knee surgeries and required low back surgery. However, Plaintiff's argument is without merit because both ALJ McKee and Judge Whalen referenced and considered these facts in their opinions. *See* ECF No. 18-2 at PageID.89, 90; ECF No. 25 at PageID.978, 981, 990.

Plaintiff also takes issue with ALJ McKee's conclusion regarding the relationship between Plaintiff's impairments and her symptoms. ECF No. 26 at PageID.1007. ALJ McKee determined that:

> [T]he claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

ECF No. 18-2 at PageID.89.

ALJ McKee made this statement pursuant to the two-step process contained in C.F.R. § 404.1529(c), which provides:

> When the medical signs or laboratory findings show that you have a medically determinable impairment(s) that could reasonably be expected to produce your symptoms, such as pain, we must then evaluate the intensity and persistence of your symptoms so that we can determine how your symptoms limit your capacity for work.

C.F.R. § 404.1529(c).

Plaintiff argues that "ALJ McKee acknowledged that Ms. Huff's medically determinable impairments could reasonably be expected to cause her alleged symptoms." ECF No. 26 at PageID.1007. This was not error by ALJ McKee. Instead, it was the first step in the two-step process required under 20 C.F.R. 404.1529. Though ALJ McKee concluded that Plaintiff satisfied the first step, he determined that she did not satisfy the second step, specifically a determination of intensity of the impairment. Fulfillment of the first step alone does not satisfy the test. Accordingly Plaintiff's fourth objection will be overruled.

**E.**

Plaintiff's fifth objection is that ALJ McKee erred when he gave weight to Dr. Brophy's report. ECF No. 26 at PageID.1007. Dr. Brophy is a state agency medical consultant who opined in February 2015 that Plaintiff could perform light exertional activity. ECF No. 18-3 at PageID.148-150. Dr. Brophy made his assessment two years prior to ALJ McKee's decision. ALJ McKee gave Dr. Brophy's opinion "significant weight." ECF No. 18-2 at PageID.92. However, he did not accept Dr. Brophy's opinion in whole. ALJ McKee limited his consideration of the report by finding that since the time of Dr. Brophy's report "the claimant is further limited in

standing, walking, and climbing based on new evidence showing ongoing problems with her back and knees." *Id.*

Plaintiff contends that ALJ McKee should not have granted Dr. Brophy's opinion any weight because of the time that had elapsed since the completion of the report and changes in Plaintiff's condition.

The Sixth Circuit has held that

> When an ALJ relies on a non-examining source who did not have the opportunity to review later submitted medical evidence, especially when that evidence reflects ongoing treatment, we generally require some indication that the ALJ at least considered these new facts before giving greater weight to an opinion that is not based on a review of a complete case record.

*Brooks v. Comm'r of Soc. Sec.*, 531 Fed.Appx. 636, 642 (6th Cir. 2013) (quotations omitted). ALJ McKee considered medical records post-dating Dr. Brophy's findings in addition to new facts affecting Plaintiff's condition. Furthermore, he acknowledged that Dr. Brophy's findings were limited by the fact that Plaintiff's condition had changed. Accordingly, Plaintiff's fifth objection will be overruled.

**F.**

In his opinion, ALJ McKee stated, "Because the claimant testified that her medication makes her tired, I also find that she is limited to simple, routine tasks." ECF No. 18-2 at PageID.92. Judge Whalen summarized ALJ McKee's conclusion by stating, "In consideration of Plaintiff's report that 'her medication makes her tired' he limited her to 'simple, routine tasks' (Tr. 38)." ECF No. 25 at PageID.996.

Plaintiff argues that:

> Magistrate Whalen opines that contrary to Plaintiff's position, the ALJ took Plaintiff's testimony "in consideration," by limiting her to "simple, routine tasks." Precisely how this was taking into account Plaintiff's testimony that three times a week her pain was so severe that she had to lie down, the Magistrate fails to explain.

ECF No. 26 at PageID.1009 (citations omitted).

Plaintiff's argument will be rejected. ALJ McKee and Magistrate Whalen presumably limited Plaintiff to "simple, routine tasks" because she experiences severe pain. If Plaintiff did not experience this pain, they potentially would not have limited her to "simple, routine tasks," but instead found her capable of completing more strenuous labor. Accordingly, Plaintiff's objection will be overruled.

## G.

Plaintiff's final objection is a generalized argument that Plaintiff should be granted relief due to her three knee surgeries and back injuries. ECF No. 26 at PageID.1009. Objections to a report and recommendation require specificity, a characteristic lacking in Plaintiff's final objection. Furthermore, both ALJ McKee and Judge Whalen relied upon substantial evidence in reaching their conclusion that Plaintiff is not disabled. Accordingly, Plaintiff's seventh objection will be overruled.

## IV.

Accordingly, it is **ORDERED** that Judge Whalen's report and recommendation, ECF No. 25, is **ADOPTED IN PART**.

It is further **ORDERED** that Plaintiff's first, fourth, fifth, sixth, and seventh objections are **OVERRULED**.

It is further **ORDERED** that Plaintiff's second and third objections are **SUSTAINED IN PART**.

It is further **ORDERED** that the case is **REMANDED** for proceedings consistent with this order. The ALJ is directed to provide Step Three evidentiary analysis regarding whether Plaintiff's

knee condition and back condition qualify as Listed Impairments under 20 C.F.R. Pt. 404, Supt. P, App. 1.

Dated: March 16, 2020                        s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge